FILED

2017 Aug-02  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Marcus Butler, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Diversified Consultants, Inc., a Florida, corporation, | ) ) ) | Class Action |
| Defendant. | ) ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Marcus Butler, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

### PARTIES

3.      Plaintiff, Marcus Butler ("Butler"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a delinquent consumer debt, which he allegedly owed AT&T Mobility.

4.      Defendant, Diversified Consultants, Inc. ("Diversified"), is a Florida corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Diversified operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant Diversified was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Diversified is authorized to conduct business in the State of Alabama and maintains a registered agent within, <u>see</u>, record from the Alabama Secretary of State, attached as Exhibit <u>A</u>.  In fact, Defendant Diversified conducts business in Alabama.

## FACTUAL ALLEGATIONS

6.      On December 7, 2015, Mr. Butler and his wife filed a Chapter 13 bankruptcy petition in a matter styled <u>In re: Butler</u>, N.D. AL. Bankr. No. 15-83280, which, due to Mr. Butler's unemployment, had to be converted to a Chapter 7.

7.      Accordingly, on January 21, 2017, AT&T Mobility was sent, via electronic transmission, notice of the bankruptcy by the court, <u>see</u>, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit <u>B</u>.

8.      Among the debts listed on Mr. Butler's Amended Schedule <u>F</u> were various debts that he allegedly owed to AT&T Mobility, <u>see</u>, attached as Exhibit <u>C</u>.

9.      On April 28, 2017, Mr. Butler and his wife received a discharge of their debts on, and on April 29, 2017, AT&T Mobility was sent notice of this discharge via electronic transmission, <u>see</u>, the Certificate of Service to the Discharge of Debtors, which is attached as Exhibit <u>D</u>.

10.     On May 4, 2017, AT&T Mobility sent Mr. Butler a collection letter, demanding payment of the AT&T Mobility debt he allegedly owed prior to the bankruptcy. A copy of this letter is attached as Exhibit <u>E</u>.

11.     Accordingly, on May 10, 2017, Mr. Butler's attorney sent AT&T Mobility a letter demanding that they cease collection of the AT&T debt, which was discharged in Mr. Butler's bankruptcy.  A copy of this letter is attached as Exhibit <u>F</u>.

12.     Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files on the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services such as Lexis/Nexis' Banko Solutions.

13.     Nonetheless, Defendant Diversified sent Mr. Butler a collection letter, dated May 17, 2017, demanding payment of the AT&T Mobility debt he allegedly owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit <u>G</u>.

14.     Defendant's violations of the FDCPA were material because Defendant's continued collection communications to Mr. Butler, after he had received his bankruptcy discharge, made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the FDCPA and the Bankruptcy Code.

15.     All of Defendant Diversified's collection actions at issue in this matter occurred within one year of the date of this Complaint.

16.    Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

17.    Plaintiff adopts and realleges ¶¶ 1-16.

18.    Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

19.    Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

20.    Defendant Diversified's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

21.    Plaintiff adopts and realleges ¶¶ 1-16.

22.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

23.    Here, the bankruptcy and the notices issued by that court (Exhibits B and D) provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment (Exhibit G), Defendant violated § 1692c(c) of the FDCPA.

24.    Defendant Diversified's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

25.    Plaintiff, Marcus Butler, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendant attempted to collect a delinquent consumer debt, allegedly owed to AT&T Mobility, which had been discharged in a bankruptcy, via the same form collection letter that Defendant sent to Plaintiff (Exhibit F), from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

26.    Defendant Diversified regularly engages in debt collection, using the same form collection letter that they sent Plaintiff Butler, in their attempts to collect delinquent consumer debts from other consumers.

27.     The Class consists of more than 35 persons from whom Defendant Diversified attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Butler.

28.     Plaintiff Butler's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

30.     Plaintiff Butler will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Butler has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Marcus Butler, individually and on behalf of all other similarly situated, prays that this Court:

1.      Certify this matter as a class action, and appoint Plaintiff Butler as the class representative, and his attorneys as class counsel;

2.      Find that Defendant's form collection letters violates the FDCPA;

3.      Enter judgment in favor of Plaintiff Butler and the class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

4.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Marcus Butler, individually and on behalf of all others similarly situated, demands trial by jury.

                                        Marcus Butler, individually and on
                                        behalf of all others similarly situated,

                                        By: /s/ David J. Philipps_____
                                        One of Plaintiff's Attorneys

Dated:  August 2, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com