# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Marcus Butler, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 3:17-cv-01296-AKK |
| Diversified Consultants, Inc., a Florida corporation, ) ) ) ) | |
| Defendant. ) | |

**DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Diversified Consultants, Inc. (DCI), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Marcus Butler ("Plaintiff"), and states:

**JURISDICTION AND VENUE**

1. DCI admits the allegations in ¶ 1 for jurisdictional purposes only, but denies any liability, damages or wrongdoing, to the extent alleged in ¶ 1. Except as specifically admitted, DCI denies the allegations in ¶ 1.

2. DCI admits the allegations in ¶ 2 for venue purposes only, but denies any liability, damages or wrongdoing, to the extent alleged in ¶ 2. Except as specifically admitted, DCI denies the allegations in ¶ 2.

1

## PARTIES

3.  DCI admits only that it had an account in Plaintiff's name but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 3.

4.  DCI admits that it is a Florida corporation and that when it acts as a debt collector, as defined by 15 U.S.C. § 1692a, its debt collection activities may be governed by certain provisions of the FDCPA. Except as specifically admitted, DCI denies the allegations in ¶ 4.

5.  Exhibit A speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 5 state otherwise, they are denied.

## FACTUAL ALLEGATIONS

6.  DCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6

7.  DCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7.

8.  DCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8.

9.  DCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9.

10. DCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10.

11.     DCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11.

12.     DCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12.

13.     DCI admits that it had an account in Plaintiff's name and that it sent him correspondence. Except as specifically admitted, the allegations in ¶ 13 are denied.

14.     DCI denies the allegations in ¶ 14.

15.     DCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15.

16.     Paragraph 16 contains only a conclusion of law, to which no response is required.  To the extent a response is required, DCI denies that it acted in any way that was prohibited by or in violation of the FDCPA.  Except as specifically admitted, DCI denies the allegations in ¶ 16.

## COUNT I
### § 1692e Of The FDCPA

17.     DCI incorporates it answers to the foregoing as if fully stated herein.

18.     Paragraph 18 contains only a conclusion of law, to which no response is required.  To the extent a response is required, DCI denies that it acted in any way that was prohibited by or in violation of the FDCPA.  Except as specifically admitted, DCI denies the allegations in ¶ 18.

19.     Paragraph 19 contains only a conclusion of law, to which no response is required.  To the extent a response is required, DCI denies that it acted in any way that

was prohibited by or in violation of the FDCPA. Except as specifically admitted, DCI denies the allegations in ¶ 19.

20. DCI denies the allegations in ¶ 20.

## COUNT II
### § 1692c(c) Of The FDCPA

21. DCI incorporates it answers to the foregoing as if fully stated herein.

22. Paragraph 22 contains only a conclusion of law, to which no response is required. To the extent a response is required, DCI denies that it acted in any way that was prohibited by or in violation of the FDCPA. Except as specifically admitted, DCI denies the allegations in ¶ 22.

23. DCI denies the allegations in ¶ 23.

24. DCI denies the allegations in ¶ 24.

## CLASS ALLEGATIONS

25. DCI admits Plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, DCI denies the allegations in ¶ 25.

26. DCI admits part of its business activities include, under certain circumstances, the collection of debts. Except as specifically admitted, DCI denies the allegations in ¶ 26.

27. DCI denies the allegations in ¶ 27.

28. DCI denies the allegations in ¶ 28.

29. DCI denies the allegations in ¶ 29.

30. DCI denies the allegations in ¶ 30.

## PRAYER FOR RELIEF

In response to the allegations in the paragraph following ¶ 30, which constitutes a prayer for relief, DCI denies that Plaintiff is entitled to the relief sought.

## JURY DEMAND

In response to the paragraph following Prayer for Relief, which constitutes a Jury Demand, DCI admits that Plaintiff purports to seek trial by jury, but denies any liability, damages or wrongdoing, to the extent alleged in this paragraph.

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, Defendant, Diversified Consultants, Inc., avers as follows:

## FIRST AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, and in the event DCI is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

Any violation(s) that may have occurred in this case, or any loss, injury, damage or detriment suffered by Plaintiff, was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by DCI.

**THIRD AFFIRMATIVE DEFENSE**

DCI denies any liability. However, regardless of liability, Plaintiff has suffered no damages as a result of DCI's purported violations.

**FOURTH AFFIRMATIVE DEFENSE**

Assuming that Plaintiff suffered any damages, which is denied, Plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

**FIFTH AFFIRMATIVE DEFENSE**

The complaint's class action allegations, and each purported cause of action brought on behalf of a class of putative Plaintiffs therein, fail to state facts sufficient to establish an ascertainable class and a substantial benefit to the parties and the Court sufficient to maintain a class action. This action also may not properly be maintained as a class action because (a) the named Plaintiff will not fairly and adequately protect the interests of the putative class, (b) common issues of law and fact, if any, do not predominate over individual issues, and (c) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims. DCI may possess certain arbitration rights based on one or more

contracts entered into by Plaintiff.  As such, this matter may be precluded from proceeding within the United States District Court.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's putative class claims are barred by a binding arbitration provision and class action waiver based on one or more contracts entered into by Plaintiff.  As such, any class claims may be precluded from proceeding in any forum.

WHEREFORE, Defendant, Diversified Consultants, Inc., respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for DCI, and for all other general and equitable relief.

Date: September 27, 2017.

Respectfully submitted,

*/s/  Laura C. Nettles*
Laura C. Nettles (ASB-5805-S63L)

**OF COUNSEL:**

**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, AL 35213
Telephone:   (205) 967-8822
Facsimile:     (205) 967-2380
lnettles@lgwmlaw.com

                          */s/ James C. Vlahakis  (pro hac vice to be filed)*
                          James C. Vlahakis
                          Daniel W. Pisani

**OF COUNSEL:**

**SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC**
120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603
Telephone:   (312) 578-0990
jvlahakis@sessions.legal.com

                          *Attorneys for Defendant,*
                          *Counsel for Diversified Consultants, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2017, a true and correct copy of the aforementioned document was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David J. Philips, Esq.
Mary E. Philips, Esq.
**PHILIPPS & PHILIPPS, LTD.**
9760 S. Roberts Road, Suite One
Palos Hills, IL  60465
davphilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus, Esq.
**BOND BOTES SKYSTUS TANNER**
**& EAELL, P.C.**
225 Pratt Avenue
Huntsville, AL  35801
rsykstus@bondnbotes.com

                          */s/  Laura C. Nettles*
                          Of Counsel